**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **A C MARINE, INC.** | * | **CIVIL ACTION NO. 10-0087** |
| **VS.** | * | **JUDGE DOHERTY** |
| **AXXIS DRILLING, INC., ET AL** | * | **MAGISTRATE JUDGE HILL** |

# MEMORANDUM RULING

Pending before the undersigned is the determination of the amount of attorney's fees and expenses owed by Rozel Operating Company ("Rozel") to Delta Towing, L.L.C.'s ("Delta") pursuant to an indemnity provision in a contract between the parties. [rec. docs. 37]. In accordance with the undersigned's Order dated February 24, 2011 [rec. doc. 42], Delta submitted the original attorney's fee bill to the undersigned with a supporting affidavit on March 3, 2011. Rozel submitted its objections to the invoices on March 30, 2011. [rec. doc. 46]. Delta filed a response on April 11, 2011.

## Background

On January 21, 2010, A C Marine, Inc., owner/operator of the MV BRAD C, filed a Complaint for exoneration from and limitation of liability under Fed. R. Civ. P. 9(h) and Rule F of the Supplemental Rules of Admiralty and

Maritime Claims. The limitation proceeding resulted from an accident on December 28, 2006, when Vernon J. Colson, Jr. ("Colson"), an employee of Axxis Drilling, Inc. ("Axxis"), allegedly slipped on the vessel, injuring his left knee. Rozel had hired Axxis to conduct drilling operations on an oil-producing well.

On September 15, 2010, Delta filed a Motion for Summary Judgment on its Cross-Claim for Defense and Indemnity against Rozel. [rec. doc. 15]. On December 3, 2010, Delta filed an unopposed Motion for Summary Judgment on the claims made against it by Colson. [rec. doc. 24]. By Memorandum Ruling and Order entered on January 27, 2011, Judge Doherty granted Delta's motion for summary judgment, dismissing all claims asserted by Colson against Delta. [rec. doc. 34].

By Minute Entry dated January 27, 2011, Judge Doherty ordered Delta to inform the Court whether it intended to pursue the motion for summary judgment on its cross-claim for defense and indemnity against Rozel. [rec. doc. 35]. Delta chose to pursue the claim, and on February 9, 2011, the undersigned held a telephone status conference, in which I gave counsel for Rozel and Delta until February 18, 2011, to confer regarding the bills at issue. [rec. doc. 37].

After the parties were unable to agree as to the bills, the undersigned held a follow-up telephone status conference on February 24, 2011. [rec. doc. 42]. At this second conference, I ordered Delta to submit the bill to me, with a copy to Rozel, pursuant to affidavit. Upon receipt of the bill, Rozel was ordered to prepare a "shadow bill" noting all of the entries with which it disagreed as to the rate or amount of time billed, and to assign what it believed to be an acceptable time and/or entry.

In accordance with the Order, Delta submitted the original bill to the undersigned pursuant to affidavit on March 3, 2011. On March 30, 2011, Rozel submitted its objections to the invoices, but did not submit the "shadow bill" as ordered by the Court. [rec. doc. 46]. Delta filed a response on April 11, 2011.

## Law and Analysis

***GUIDELINES FOR ATTORNEYS' FEES AND EXPENSES CALCULATION***

Delta seeks costs and attorney's fees against Rozel pursuant to a Master Service Agreement ("MSA") entered between the parties on January 1, 2004.[1]

Under the general maritime law, claims for attorney fees and expenses are governed by federal law. *Brown v. Sea Mar Management, LLC.*, 2006 WL

[1]The parties do not dispute that Rozel is responsible for costs and attorney's fees pursuant to the MSA.

3328194 *2 (W.D. La. November 15, 2006). Although the Fifth Circuit has not expressly adopted the lodestar approach in the maritime context, the court nonetheless has recognized the discretion of a maritime court to adjust a contract-based fee award for reasonability. *Malin Intern. Ship Repair & Drydock, Inc. v. M/V SEIM SWORDFISH*, 611 F.Supp.2d 627, 634 (E.D. La. 2009).

In addition, other federal courts within this Circuit have approved the lodestar approach for fee awards arising from a maritime contract and a contractual right to indemnity. *Chevron USA, Inc. v. Aker Maritime, Inc.*, 2011 WL 999253 (E.D. La., March 17, 2011); *Malin, supra*; *see also Natco Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001); *Cortes Molina v. TL Dallas (Special Risks) Ltd.*, 547 F.Supp.2d 102, 115 (D. Puerto Rico 2008). Based on these authorities, the Court finds that the lodestar approach is the appropriate basis for review of the fee request in this case.

The Fifth Circuit generally adheres to the "lodestar" method for calculating reasonable attorneys' fees. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir.1995); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006). Determination of reasonable attorney's fees involves a two-step procedure. *Kellstrom*, 50 F.3d at 324 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 51 (1983)). The district court must determine

the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. *Id*. Then, the district court must multiply the reasonable hours by the reasonable hourly rates. *Id*. The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case, after assessing the dozen factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974); *Wegner v. Standard Insurance Company*, 129 F.2d 814, 822 (5th Cir. 1997). ___

**Issues and Analysis**

The focus now turns to the facts and issues presented in the fee application. Delta seeks $54,079.50 for legal services rendered by LeBlanc Bland P.L.L.C. ("LeBlanc Bland"), and $3,087.78 in costs, for a total of $57,167.28.

In support of these requests, defense counsel submitted an affidavit and copies of invoices describing the tasks performed by attorneys David S. Bland ("Bland"), Charles G. Clayton, IV ("Clayton"), Matthew C. Guy ("Guy"), and Brendhan H. Thompson ("Thompson"), and paralegals Julien Meyer ("Meyer") and Wendy M. Riley ("Riley").

**Hourly Rates Claimed**

LeBlanc Bland seeks an hourly rate of $275.00 for David S. Bland; $235.00 for Charles G. Clayton, IV; $220 for Matthew C. Guy, and $165.00 for Brendhan H. Thompson. For paralegals, LeBland Bland seeks an hourly rate of $115.00 for Julien Meyer and $90.00 for Wendy M. Riley.[2]

The affidavit contains no description as to the experience of the attorneys and paralegals. To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates in the community. *Kellstrom*, 50 F.3d at 328. A reasonable rate is the market rate. *Conner*, 943 F.Supp. at 667.

On February 24, 2011, I ordered Rozel to prepare a "shadow bill" noting all of the entries with which it disagreed as to the rate or amount of time billed, and to assign what it believed to be an acceptable time and/or entry. Rozel did not object to the rates charged by the attorneys or paralegals billed by LeBlanc Bland.[3]

---

[2]Generally, to recover paralegal fees, the services rendered by the paralegal must be legal in nature, or work traditionally performed by an attorney. *Filson v. Tulane University*, 2010 WL 3943543, at *5 (E.D. La. Oct. 4, 2010); *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 n. 1 (5th Cir.1980.) Work that is legal in nature includes factual investigation, locating and interviewing witnesses, assisting in discovery, compiling statistical and financial data, checking legal citations, and drafting correspondence. *Missouri v. Jenkins*, 491 U.S. 274, 288, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). Clerical and secretarial tasks cannot be billed at paralegal rates. *Id*. Here, Rozel did not object to the time charged or rates billed by the paralegals.

[3]Examples of reasonable rates in Louisiana's federal courts include *Davis v. Am. Sec. Ins. Co.*, Civ. A. 07-1141, 2008 WL 2228896 (E.D.La. May 28, 2008) (Roby, J.) (awarding hourly rate of $125.00 for an attorney with one (1) year of legal experience); *Creecy v. Metro. Prop. and*

Therefore, there being no opposition, I find that the rates sought for LeBlanc Bland's legal representation in this case is *prima facie* reasonable.

**Reasonable Hours Expended by LeBlanc Bland**

LeBlanc Bland seek legal fees and expenses for services performed from May 27, 2009 to January 31, 2011. A careful review of all of the entries reveals that several were not itemized, were duplicative, and/or were excessive.

In particular, the amount of time expended on each task was not itemized in many instances. The Fifth Circuit frowns on record notations such as "work on brief" or "review for oral argument" as well as consolidating individual items into one large block of time for each day. *Conner v. Mid South Insurance Agency, Inc*., 943 F.Supp. 663, 666 (W.D. La. 1996) (Little, J.) (*citing Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1735, 100 L.Ed.2d 199 (1988)). In this case, instances of improperly grouped entries appear on every single invoice.

---

*Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb.28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec.19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven years of legal experience and $200.00 for an attorney with 11 years of experience); *Wells v. Regency Hosp. Co.*, 2008 WL 5273712 (E.D.La. Dec. 15, 2008) (Roby, J.) (awarding hourly rates of $200.00 for attorney with 16 years of experience); *Reed v. Auto Club Family Ins. Co.*, 2008 WL 3851683 (E.D.La. Aug. 13, 2008) (Roby, J.)(awarding hourly rate of $250.00 for attorney with 27 years experience).

The undersigned also notes instances of duplicative work by LeBlanc Bland's attorneys, particularly the entries for having multiple attorneys perform the same tasks and for internal conferences among co-counsel. For example, firm attorneys billed for intra-office conferences on 6/4/09; 6/8/09; 6/11/09; 6/15/09; 6/25/09; 6/30/09; 7/1/09; 7/21/09; 7/28/09; 7/29/09; 9/21/09; 9/29/09; 10/6/09; 11/12/09; 11/16/09; 12/2/09; 12/17/09; 1/21/10; 2/1/10; 2/4/10; 2/10/10; 3/2/10; 3/3/10; 3/8/10; 3/15/10; 4/12/10; 4/13/10; 4/14/10; 4/19/10; 4/20/10; 4/28/10; 5/4/10; 5/5/10; 5/19/10; 5/25/10; 5/27/10; 6/14/10; 6/16/10; 7/21/10; 7/26/10; 7/28/10; 9/2/10; 9/20/10; 9/23/10; 9/24/10; 9/27/10; 9/28/10; 10/19/10; 10/22/10; 10/25/10; 10/26/10; 10/29/10; 11/1/10; 11/9/10; 11/10/10; 11/12/10; 11/15/10; 11/16/10; 11/19/10; 11/22/10; 11/30/10; 12/3/10; 12/9/10; 12/17/10; 12/29/10; 12/30/10; 1/5/11; 1/13/11; 1/14/11; 1/18/11; 1/27/11 and 1/28/11.

Additionally, Rozel objects to the billing by multiple attorneys for the same tasks, including preparation of contracts/indemnity report on 6/17/09 and 6/22/09; drafting discovery responses on 7/6/09; drafting letter for defense and indemnity on 7/9/09, 7/10/09, 7/22/09, and 8/3/09; preparing litigation assessment on 8/13/09, 8/14/09, and 8/26/09; reviewing e-mail re: defense and indemnity on 1/25/10; revising litigation assessment report on 2/10/10 and 2/15/10; drafting cross-claim on 3/4/10, 3/5/10, and 3/8/10, and preparing for deposition on 4/12/10

and 4/13/10. [rec. Doc. 46, pp. 2-5]. The Fifth Circuit has repeatedly advised that billing time of more than one attorney for a court proceeding, where one or more attorneys are present only as observers, constitutes duplicative billing. *Johnson*, 488 F.2d at 717; *Abrams v. Baylor College*, 805 F.2d 528, 535 (5th Cir. 1986)***;*** *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982).

Rozel also objects to the excessive billing of 21.6 hours for the drafting of Delta's motion for summary judgment against Rozel for defense and indemnity; 25.5 hours for reviewing Rozel's opposition and drafting a reply, and 34.5 hours for drafting a motion for summary judgment against plaintiff, which plaintiff did not oppose. [rec. doc. 46, pp. 5-11]. The undersigned agrees that the time billed for drafting these pleadings is excessive.

Courts may exclude hours that are insufficiently documented and should not award attorney's fees unless the prevailing party presents sufficiently detailed records that the time expended and the need for services are clearly established. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1991). The remedy for failure to submit bills containing complete details is not preclusion, but, rather, reduction of the fees and costs claimed. In *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939, the United States Supreme Court stated that "[w]hen the documentation of hours is inadequate, . . . the district court may reduce the award accordingly." *Von*

*Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Leroy*, 906 F.2d at 1079.

A random review of the bills indicates that a portion of the time charged was for intra-office conferences; thus, the hours should be adjusted accordingly. Further, the hours should be reduced for the attorneys' failure to itemize and for duplicative billings. Therefore, I find that a total reduction of 25% of the fees claimed is appropriate under the circumstances presented here. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939.

Since the undersigned finds that the claimed fees should be reduced by 25%, the fee owed by Rozel is hereby reduced from $54,079.50 to $40,559.62.

**<u>Johnson Analysis</u>**

A listing of the factors and analysis of each factor as it applies in this case follow. (1) Time and labor involved: the lodestar adequately compensates time and labor involved. (2) Novelty and difficulty of the questions: indemnity issues are regularly before this Court. (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently. (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases. In addition, the billing a total of 298.15 hours by four attorneys and two paralegals over a 16-month period precludes such a finding. (5) Customary fee: Rozel filed

no objection to the fees requested by Delta. (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment.[4] (7) Time limitations: no evidence was adduced on this point.[5] (8) The time involved and the results obtained: this matter was resolved approximately one year after the petition was filed; thus, the lodestar adequately compensates for this factor. Additionally, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. *Walker*, 99 F.3d at 771. (9) The experience, reputation and ability of counsel: no evidence was submitted on this factor. The lodestar, however, adequately compensates for this factor. (10) The undesirability of the case: no evidence was adduced on this point. (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point. (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct

---

[4]In *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 772 (5th Cir. 1996), the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. *See City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir.), *cert. denied*, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[5]The seventh factor is subsumed in the number of hours reasonably expended. *Walker*, 99 F.3d at 772.

2638, 2641, 120 L.Ed.2d 449 (1992). This is not such a case; the lodestar requires no adjustment.

**Expenses**

Finally, the request for costs and expenses totaling $3,087.78 must be addressed.

Delta listed the total costs for photocopies, filing fees, facsimile, computer based research, travel costs, deposition fees, service fees and subpoena service, without providing any supporting documentation for these charges. *See Hagan v. MRS Associates*, 2001 WL 531119 (E.D. La. May 15, 2001) (costs disallowed where counsel combined unitemized costs for copying, telephone and postage in single sums and filed to provide supporting documentation). However, Rozel did not object to these expenses.

Because there was no objection to the costs and expenses claimed by counsel for Delta, I will award the full amount of the costs and expenses claimed, $3,087.78.

**CONCLUSION**

For the reasons assigned hereinabove,

**IT IS HEREBY ORDERED** that the sum of $40,559.62 be awarded to LeBlanc Bland for attorney's fees and $3,087.78 for costs and expenses, for a total

of $43,647.40.

Signed April 25, 2011, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE